UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACQUELINE STEVENS, <br><br> *Plaintiff*, <br><br> v. <br><br> DEPARTMENT OF THE ARMY; and U.S. ARMY CORPS OF ENGINEERS, <br><br> *Defendants*. | 1:25-cv-05144 <br> Judge Matthew F. Kennelly <br> Magistrate Judge Jeannice W. Appenteng <br> Case No. Civil Direct Assignment <br><br> COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF |

# INTRODUCTION[1]

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act ("PA"), 5 U.S.C § 552a, seeking agency records wrongfully withheld by Department of the Army ("Army") and U.S. Army Corps of Engineers ("USACE"). This complaint seeks declaratory, injunctive, and other appropriate relief to remedy Defendants' violations of FOIA/PA which include: (1) failure to process properly submitted FOIA/PA requests and to produce responsive documents within the statutory deadlines; and (2) failure to conduct proper searches to locate documents responsive to FOIA/PA requests.

2. Plaintiff Jacqueline Stevens' ("Stevens") scholarship and journalism analyze professional and criminal misconduct in government agencies that implement policies on behalf of U.S. national sovereignty.

---

[1] Pursuant to the Court's Order (Dkt. 20) in *Stevens v. U.S. Customs and Border Protection et al.*, No. 1:25-cv-02719 (N.D. Ill.), this Complaint contains only the claims asserted against the Department of the Army and the U.S. Army Corps of Engineers in Plaintiff's Complaint filed on March 14, 2025 in the aforementioned case.

1

3. This Complaint concerns three FOIA requests sent by Stevens to Defendants. One FOIA request seeks records related to the deployment of Army helicopters to the area of Lake Michigan proximate to Northwestern University. The other two FOIA requests seek records related to a proposal by Northwestern University to expand its campus into Lake Michigan around the 1960s.

4. Stevens needs the withheld records for her scholarship and journalism. Journalists and U.S. citizens targeted by agencies of Department of Homeland Security ("DHS") regularly contact Stevens to obtain records and information. A primary tool in her research efforts has been obtaining and reviewing U.S. government documents pursuant to FOIA/PA requests, the majority of which have been obtained only after she was forced to initiate litigation. Stevens has been harmed by the Defendants' repeated and deliberate violations of the Acts.

5. Here, Defendants have failed to comply with FOIA/PA. Defendants did not substantively respond to Plaintiff's requests within the statutorily prescribed time limit, did not provide Plaintiff with a determination of the scope of the documents they would produce and the exemptions they would claim, failed to produce any documents to Plaintiff, and have not claimed any exemptions allowing them to withhold documents.

6. Stevens respectfully asks this Court to enjoin Defendants from withholding requested records, order Defendants to release improperly withheld records, and grant declaratory relief.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B). This Court has authority to grant declaratory relief pursuant to 28 U.S.C. §§ 2201–2202.

8.     Venue is proper under 5 U.S.C. § 552(a)(4)(B) because Plaintiff Stevens resides within this district.

## PARTIES

9.     Plaintiff Stevens is a professor of political science and the founding faculty director of the Deportation Research Clinic at Northwestern University in Cook County, Illinois. Stevens' office and principal residence are in Cook County, Illinois.

10.     Defendants Army and USACE are agencies of the Department of Defense ("DOD") within the meaning of 5 U.S.C. § 522(f)(1).

11.     Defendants have custody, possession, and control over the records and the systems of records sought by Stevens under FOIA/PA, and have had such custody, possession, and control at the time the records were requested and up to the present.

## FACTUAL BACKGROUND

### Deployment of Army Helicopter near Northwestern University

12.     Stevens is the President of the Northwestern Chapter of the American Association of University Professors, and publishes on the U.S. military's use of private universities to support special interests without accountability. Her research and publications have described the ties between corporate and military interests and private universities, including Northwestern University.[2]

---

[2] Jacqueline Stevens, "Forensic Intelligence and the Deportation Research Clinic: Toward a New Paradigm," Perspectives on Politics (September 7, 2015), https://www.cambridge.org/core/journals/perspectives-on-politics/article/abs/forensic-intelligenceand-the-deportation-research-clinic-toward-a-newparadigm/0ABA0DEA34330E5F755A628FAB0C5CCB.

i. **Plaintiff's FOIA Request to Army Regarding Deployment of Helicopters – FOIA.gov Submission ID: 1175326**

13. On April 26, 2024, Stevens submitted a FOIA/PA request to Army via the FOIA.gov interface, requesting the following:

> [A]ll records associated with the deployment of Army helicopters to the area of Lake Michigan proximate to Northwestern University in Evanston, IL, including but not limited to that of an Army Blackhawk helicopter documented as present in this area on April 25, 2024 at approximately 12:20 p.m. The number is G20642. Please see attached screenshots reflecting the helicopters identity and flight path. The records I am requesting include but are not limited to all internal and external communications prompting the helicopter's deployment, all communications conveying observations associated with this deployment, all video collected from the flight, and all findings, reports, and notes, including those stored on digital platforms reflecting the patrol. My request includes but is not limited to all records referencing Northwestern University activities, faculty, students, or officials. The time frame of this request is April 25, 2024 to April 26, 2024.

14. Stevens attached to the request an image of the helicopter seen from Northwestern's campus in Evanston, IL.

15. Stevens requested expedited processing of her request, stating the following:

> The use of an Army helicopter for the apparent purpose of surveillance of a campus protest at Northwestern University is of great public interest, including because of the seeming violation of policies restricting the use of military for domestic disturbances and the chilling of First Amendment rights. Northwestern's student protest is also of great interest to the public, in Chicagoland and nationwide, as demonstrated in this recent article: https://chicago.suntimes.com/israel-hamas-war/ 2024/04/25/northwestern-students-set-up-palestine-solidarity-camp-on-campus. The combination of demonstrated public interest and my role as a disseminator of information to the public clearly places this request within the criterion for expedited review, per 32 CFR 286.8(e)(1)(i)(B) and 32 CFR 286.8(e) (1)(ii)(A). In addition to the urgent need for requester to obtain information in her capacity as a journalist, requester also wants to flag the introduction of new disciplinary protest policy in violation of the University handbook. Requester is also Secretary of the Northwestern chapter of the American Association of University Professors. The use of Army resources in response to a peaceful protest burdens due process and other Constitutional rights, thus providing another ground for expedited review of this request, per 32 CFR 286.8(e)(1)(ii)(A). For information on my own role disseminating news, see profile here: https://theintercept.com/staff/jacqueline-stevens/ This includes additional links demonstrating my affiliation as a faculty member of Northwestern University. I am also attaching a link to an essay

4

published in the Daily Northwestern, one of several I have published on my own or with others in my capacity as chapter Secretary. https://dailynorthwestern.com/2021/10/19/opinion/lte-preserve-the-faculty-assemblys-legislative-power/

16. On June 17, 2024, Stevens emailed the Army's Acting FOIA Manager (usarmy.belvoir.hqda-esa.mbx.rmda-foia@army.mil) and called (571-515-0306) seeking a tracking number and an explanation for the delay. Stevens did not receive any response.

17. As of March 14, 2025, 215 business days have elapsed since Stevens submitted her request on April 26, 2024. This is 205 business days past the FOIA deadline for an expedited review.

18. The Army has failed to produce responsive documents or explain why they are being withheld.

### Expansion of Northwestern University's Campus

19. Professor Stevens is researching the history of Northwestern University, including the Northwestern's decision to expand its campus into Lake Michigan around the 1960s. In 1960, Northwestern University obtained approval from its trustees to extend its campus eastward and purchase 152 acres of submerged lake land. The university's plan moved forward despite public opposition to the use of sand for the lakefill sourced from the Indiana dunes, a natural landmark.[3] Northwestern was required to seek approval from the U.S. Army Corps of Engineers for the expansion.

---

[3] "Looking for space, University turned eastward to the lake," Northwestern Stories, Vol. 16, No. 26 (May 3, 2001), https://www.northwestern.edu/nu150/news/stories/05_03_01_lakefill.html; "Statement of U.S. Senator Paul H. Douglas regarding Indiana Dunes," Encyclopedia of Chicago (March 31, 1962), http://www.encyclopedia.chicagohistory.org/pages/10977.html.

ii. **Plaintiff's FOIA Request to the Army Regarding Northwestern University's Expansion – No Case Tracking Number Assigned**

20. On February 7, 2024, Stevens submitted a FOIA/PA request to the Army via email (usarmy.belvoir.hqda-esa.mbx.rmda-foia@army.mil), requesting the following:

> [A]ll records under the control of the Army or Army Corps of Engineers tied to the proposal by Northwestern University to expand its campus into Lake Michigan. This includes but is not limited to correspondence to and from any individual(s) or entity, notes, memorandums, communications or press releases and underlying notes for preparation, reports (including interim reports), and evaluations in any medium maintained by the Army Corps of Engineers. The time frame of this request is 1958 to 1963. I am willing to accept rolling productions, on the condition that I receive productions in the chronological order in which the documents were created and that I receive the first production no later than the statutory deadline of 30 days.

21. Stevens requested a fee waiver on the basis that she will be using these records for her scholarship and journalism, and not for commercial gain.

22. The Army has not responded to Stevens' request.

23. As of March 14, 2025, 271 business days have elapsed since Stevens submitted her request on February 7, 2024. This is 241 business days past the FOIA deadline.

24. The Army has failed to produce responsive documents or explain why they are being withheld.

iii. **Plaintiff's FOIA Request to USACE Regarding Northwestern University's Expansion – No Case Tracking Number Assigned**

25. On June 28, 2023, Stevens submitted a FOIA/PA request to USACE via email (foia-lrc@usace.army.mil), requesting the following:

> [A]ll records tied to the proposal by Northwestern University to expand its campus into Lake Michigan. This includes but is not limited to correspondence to and from any individual(s) or entity, notes, memorandums, communications or press releases and underlying notes for preparation, reports (including interim reports), and evaluations in any medium. The time frame of this request is 1958 to 1963.

6

>I am willing to accept rolling productions, on the condition that I receive productions in the chronological order in which the documents were created and that I receive the first production no later than the statutory deadline of 30 days.
>
>Please provide me an estimated date for the final fulfillment of this request

26. Stevens requested a fee waiver on the basis that she will be using these records for her scholarship and journalism, and not for commercial gain.

27. USACE has not responded to Stevens' request.

28. As of March 14, 2025, 422 business days have elapsed since Stevens submitted her request on June 28, 2023. This is 392 business days past the FOIA deadline.

29. USACE has failed to produce responsive documents or explain why they are being withheld.

## CLAIMS FOR RELIEF

### First Claim for Relief
### Violation of FOIA/PA
### Unlawful Withholding of Agency Records

30. Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as repeated and incorporated herein.

31. Plaintiff has a statutory right under the FOIA and PA to obtain the agency records properly requested in the requests identified in paragraphs 13 to 29 above.

32. No legal basis exists for Defendants Army and USACE's failures to promptly docket, process, respond to properly submitted FOIA/PA requests and produce responsive agency records in accordance with the requirements of FOIA and PA.

33. Defendants have wrongfully withheld records requested by Plaintiff in her FOIA requests described in paragraphs 13 to 29 above and have failed to demonstrate that such records are lawfully exempt from production. *See* 5 U.S.C. §552(a)(6)(C). Nor have Defendants notified

Plaintiff of the scope and nature of any responsive records each Defendant intends to produce or withhold and the reasons for any withholdings, nor informed Plaintiff that it may appeal any specific, adverse determination.

34. By failing to disclose and release the requested records, and by failing to conduct timely and adequate searches reasonably calculated to uncover responsive records, Defendants have violated their respective duties under the FOIA and PA, including but not limited to their duties to process properly submitted requests for records, to conduct a reasonable search for responsive records, and to produce all responsive, reasonably segregable, non-exempt information. Therefore, Defendants are unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. §§ 552 and 552a, and Defendants' corresponding regulations.

35. Plaintiff has exhausted all applicable administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i).

36. Plaintiff is entitled to declaratory and injunctive relief with respect to the release and disclosure of the requested records.

**Second Claim for Relief**
**Violation of FOIA**
**Improper Denial or Failure to Respond to Plaintiff's Request for Expedited Processing**

37. Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as if repeated and incorporated herein.

38. Defendant Army has failed to respond to Plaintiff's request for expedited processing, violating Plaintiff's right to an expedited processing determination within 10 days of receipt of Plaintiff's FOIA Request under 5 U.S.C. § 552(a)(6)(E) and Defendant's own regulations.

### Third Claim for Relief
### Violation of FOIA
### Improper Denial or Failure to Respond to Plaintiff's Request for a Fee Waiver

39. Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as if repeated and incorporated herein.

40. Plaintiff requested a fee waiver of all costs pursuant to 5 U.S.C. § 552(a)(4)(A)(iii).

41. Defendants failed to respond to or to non-conditionally grant Plaintiff's requests for fee waivers, thereby denying Plaintiff's right under 5 U.S.C. § 552(a)(4)(A)(iii) and Defendants' own regulations.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Order Defendants to conduct a prompt, reasonable search for records responsive to each of Plaintiff's requests;

B. Permanently enjoin and restrain Defendants and any of Defendants' agents from withholding the agency records at issue in this case;

C. Declare that the requested records by Plaintiff are not exempt from disclosure under FOIA, and order each Defendant with custody of the records to disclose the requested records in their entirety and make copies available to the Plaintiff;

D. Award Plaintiff reasonable attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and,

E. Grant any other relief to Plaintiff that the Court deems just and proper.

Dated: May 8, 2025

Respectfully Submitted,

LAW OFFICE OF AMBER QURESHI, LLC

*/s/ Amber Qureshi*
Amber Qureshi
Law Office of Amber Qureshi, LLC
6925 Oakland Mills Rd, PMB #207
Columbia, MD 21045
Telephone: (443) 583-4353
amber@qureshilegal.com