UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACQUELINE STEVENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 25 C 5144 |
| | ) |
| | ) Judge Kennelly |
| DEPARTMENT OF THE ARMY; and U.S. ARMY CORPS OF ENGINEERS, | ) |
| | ) |
| | ) |
| Defendants. | ) |

## ANSWER

Defendants Department of the Army and U.S. Army Corps of Engineers, by their attorney, Andrew S. Boutros, United States Attorney for the Northern District of Illinois, for their answer to the complaint (Dkt. 1), state as follows:

### First Defense

The case should be dismissed for failure to exhaust administrative remedies with respect to USACE, because plaintiff Jacqueline Stevens did not appeal USACE's September 21, 2023 determination that it had no responsive records.

### Second Defense

The case should be dismissed with respect to Stevens's February 7, 2024 "Lake Michigan expansion" request to the Army, because the request was duplicative of her June 28, 2023 request to USACE, and the Army is not required to process duplicative requests under Army Regulation 25-55 ¶¶ 5-8.

**Third Defense**

The case should be dismissed with respect to Stevens's April 26, 2024 "helicopter" request, because the request was submitted to the Department of Justice rather than to the Army, so the statutory deadlines do not apply as described. *See* 5 U.S.C. § 552(a)(6)(A).

**Fourth Defense**

The complaint purports to impose obligations on defendants that exceed those imposed by the Freedom of Information Act.

**Fifth Defense**

The case should be dismissed with respect to USACE, on the ground that USACE conducted a search reasonably calculated to uncover responsive records using a microfiche archive system organized by permit number, satisfying FOIA's requirements.

**Sixth Defense**

Stevens is not entitled to compel the production of records that are exempt from disclosure under FOIA or under other provisions of law, and Stevens is not entitled to compel the production of records that are not subject to FOIA.

**Seventh Defense**

Defendants are not improperly withholding any responsive documents.

**Eighth Defense**

At all times alleged in the complaint, defendants acted in good faith, with justification, and pursuant to lawful authority.

**Ninth Defense**

Answering the specific allegations of the complaint, defendants admit, deny, or otherwise aver as follows:

1. **Complaint:** This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act ("PA"), 5 U.S.C. § 552a, seeking agency records wrongfully withheld by Department of the Army ("Army") and U.S. Army Corps of Engineers ("USACE"). This complaint seeks declaratory, injunctive, and other appropriate relief to remedy Defendants' violations of FOIA/PA which include: (1) failure to process properly submitted FOIA/PA requests and to produce responsive documents within the statutory deadlines; and (2) failure to conduct proper searches to locate documents responsive to FOIA/PA requests.

**Response**: Admit that this is an action brought under FOIA and admit that Stevens has accused the agencies of violating FOIA. Deny that defendants have violated FOIA.

2. **Complaint:** Plaintiff Jacqueline Stevens' ("Stevens") scholarship and journalism analyze professional and criminal misconduct in government agencies that implement policies on behalf of U.S. national sovereignty.

**Response**: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; accordingly, they are denied.

3. **Complaint:** This Complaint concerns three FOIA requests sent by Stevens to Defendants. One FOIA request seeks records related to the deployment of Army helicopters to the area of Lake Michigan proximate to Northwestern University. The other two FOIA requests seek records related to a proposal by Northwestern University to expand its campus into Lake Michigan around the 1960s.

**Response:** Admit that the complaint describes five FOIA requests that seek records on the topics described in this paragraph. To the extent this paragraph intends to make additional allegations, deny.

4. **Complaint:** Stevens needs the withheld records for her scholarship and journalism. Journalists and U.S. citizens targeted by agencies of Department of Homeland Security ("DHS") regularly contact Stevens to obtain records and information. A primary tool in her research efforts has been obtaining and reviewing U.S. government documents pursuant to FOIA/PA requests, the majority of which have been obtained only after she was forced to initiate litigation. Stevens has been harmed by the Defendants' repeated and deliberate violations of the Acts.

**Response:** Deny that any defendants have repeatedly or deliberately violated FOIA. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph; accordingly, they are denied.

     5.    **Complaint:**    Here, Defendants have failed to comply with FOIA/PA. Defendants did not substantively respond to Plaintiff's requests within the statutorily prescribed time limit, did not provide Plaintiff with a determination of the scope of the documents they would produce and the exemptions they would claim, failed to produce any documents to Plaintiff, and have not claimed any exemptions allowing them to withhold documents.

     **Response:**    Deny.

     6.    **Complaint:**    Stevens specifically asks this Court to enjoin Defendants from withholding requested records, order Defendants to release improperly withheld records, and grant declaratory relief.

     **Response:**    Admit that Stevens purports to seek relief as stated in this paragraph.

## Jurisdiction and Venue

     7.    **Complaint:**    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B). This Court has authority to grant declaratory relief pursuant to 28 U.S.C. §§ 2201-2202.

     **Response:**    Admit that the court has jurisdiction. Deny that there is a basis for declaratory relief.

     8.    **Complaint:**    Venue is proper under 5 U.S.C. § 552(a)(4)(B) because Plaintiff Stevens resides within this district.

     **Response:**    Admit.

## Parties

     9.    **Complaint:**    Plaintiff Stevens is a professor of political science and the founding faculty director of the Deportation Research Clinic at Northwestern University in Cook County, Illinois. Stevens' office and principal residence are in Cook County, Illinois.

     **Response:**    Admit.

     10.    **Complaint:**    Defendants Army and USACE are agencies of the Department of Defense ("DOD") within the meaning of 5 U.S.C. § 552(f)(1).

     **Response**:    Admit that the Army and USACE are agencies within the meaning of 5 U.S.C. § 522(f).

11.     **Complaint:**    Defendants have custody, possession, and control over the records and the systems of records sought by Stevens under FOIA/PA, and have had such custody, possession, and control at the time the records were requested and up to the present.

**Response**:    Deny.

### Factual Background

### Deployment of Army Helicopter near Northwestern University

12.     **Complaint:**    Stevens is the President of the Northwestern Chapter of the American Association of University Professors, and publishes on the U.S. military's use of private universities to support special interests without accountability. Her research and publications have described the ties between corporate and military interests and private universities, including Northwestern University.

**Response:**    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; accordingly, they are denied.

#### i. Plaintiff's FOIA Request to Army Regarding Deployment of Helicopters – FOIA.gov Submission ID: 1175326

13.     **Complaint:**    On April 26, 2024, Stevens submitted a FOIA/PA request to Army via the FOIA.gov interface, requesting the following:

> [A]ll records associated with the deployment of Army helicopters to the area of Lake Michigan proximate to Northwestern University in Evanston, IL, including but not limited to that of an Army Blackhawk helicopter documented as present in this area on April 25, 2024 at approximately 12:20 p.m. The number is G20642. Please see attached screenshots reflecting the helicopter[']s identity and flight path. The records I am requesting include but are not limited to all internal and external communications prompting the helicopter's deployment, all video collected from the flight, and all findings, reports, and notes, including those stored on digital platforms reflecting the patrol. My request includes but is not limited to all records referencing Northwestern University activities, faculty, students, or officials. The time frame of this request is April 25, 2024 to April 26, 2024.

**Response:**    Deny.

14.     **Complaint:**    Stevens attached to the request an image of the helicopter seen from Northwestern's campus in Evanston, IL.

5

**Response:** Deny.

15. **Complaint:** Stevens requested expedited processing of her request, stating the following:

> The use of an Army helicopter for the apparent purpose of surveillance of a campus protest at Northwestern University is of great public interest, including because of the seeming violation of policies restricting the use of military for domestic disturbances and the chilling of First Amendment rights. Northwestern's student protest is also of great interest to the public, in Chicagoland and nationwide, as demonstrated in this recent article: https://chicago.suntimes.com/israel-hamas-war/2024/04/25/northwestern-students-set-up-palestine-solidarity-camp-on-campus. The combination of demonstrated public interest and my role as a disseminator of information to the public clearly places this request within the criterion for expedited review, per 32 CFR 286.8(e)(1)(i)(B) and 32 CFR 286.8(e)(1)(ii)(A). In addition to the urgent need for requester to obtain information in her capacity as a journalist, requester also wants to flag the introduction of new disciplinary protest policy in violation of the University handbook. Requester is also Secretary of the Northwestern chapter of the American Association of University Professors. The use of Army resources in response to a peaceful protest burdens due process and other Constitutional rights, thus providing another ground for expedited review of this request, per 32 CFR 286.8(e)(1)(ii)(A). For information on my own role disseminating news, see profile here: https://theintercept.com/staff/jacqueline-stevens/ This includes additional links demonstrating my affiliation as a faculty member of Northwestern University. I am also attaching a link to an essay published in the Daily Northwestern, one of several I have published on my own or with others in my capacity as a chapter Secretary. https://dailynorthwestern.com/2021/10/19/opinion/lte-preserve-the-faculty-assemblys-legislative-power/

**Response:** Deny.

16. **Complaint:** On June 17, 2024, Stevens emailed the Army's Acting FOIA Manager (usarmy.belvoir.hqda-esa.mbx.rmda-foia@army.mil) and called (571-515-0306) seeking a tracking number and an explanation for the delay. Stevens did not receive any response.

**Response:** Admit that Stevens emailed the referenced email address on June 17, 2024. Deny that the Army received any phone call from Stevens on that day. The Army lacks

6

knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph; accordingly, they are denied.

17. **Complaint:** As of March 14, 2025, 215 business days have elapsed since Stevens submitted her request on April 26, 2024. This is 205 business days past the FOIA deadline for an expedited review.

**Response:** Deny.

18. **Complaint:** The Army has failed to produce responsive documents or explain why they are being withheld.

**Response:** Deny.

### Expansion of Northwestern University's Campus

19. **Complaint:** Professor Stevens is researching the history of Northwestern University, including the Northwestern's decision to expand its campus into Lake Michigan around the 1960s. In 1960, Northwestern University obtained approval from its trustees to extend its campus eastward and purchase 152 acres of submerged lake land. The university's plan moved forward despite public opposition to the use of sand for the lakefill sourced from the Indiana dunes, a natural landmark. Northwestern was required to seek approval from the U.S. Army Corps of Engineers for the expansion.

**Response:** Admit that Northwestern University was required to seek approval from USACE for its expansion efforts. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph; accordingly, they are denied.

### ii. Plaintiff's FOIA Request to the Army Regarding Northwestern University's Expansion – No Case Tracking Number Assigned

20. **Complaint:** On February 7, 2024, Stevens submitted a FOIA/PA request to the Army via email (usarmy.belvoir.hqda-esa.mbx.rmda-foia@army.mil), requesting the following:

> [A]ll records under the control of the Army or Army Corps of Engineers tied to the proposal by Northwestern University to expand its campus into Lake Michigan. This includes but is not limited to correspondence to and from any individual(s) or entity, notes, memorandums, communications or press releases and underlying notes for preparation, reports (including interim reports), and evaluations in any medium maintained by the Army Corps of

7

> Engineers. The time frame of this request is 1958 to 1963. I am willing to accept rolling productions, on the condition that I receive productions in the chronological order in which the documents were created and that I receive the first production no later than the statutory deadline of 30 days.

    **Response:** Admit.

21. **Complaint:** Stevens requested a fee waiver on the basis that she will be using these records for her scholarship and journalism, and not for commercial gain.

    **Response:** Admit.

22. **Complaint:** The Army has not responded to Stevens' request.

    **Response:** Deny.

23. **Complaint:** As of March 14, 2025, 271 business days have elapsed since Stevens submitted her request on February 7, 2024. This is 241 business days past the FOIA deadline.

    **Response:** Deny.

24. **Complaint:** The Army has not responded to Stevens' request.

    **Response:** Deny.

### iii. Plaintiff's FOIA Request to USACE Regarding Northwestern University's Expansion – No Case Tracking Number Assigned

25. **Complaint:** On June 28, 2023, Stevens submitted a FOIA/PA request to USACE via email (foia-lrc@usace.army.mil), requesting the following:

> [A]ll records tied to the proposal by Northwestern University to expand its campus into Lake Michigan. This includes but is not limited to correspondence to and from any individual(s) or entity, notes, memorandums, communications or press releases and underlying notes for preparation, reports (including interim reports), and evaluations in any medium. The time frame of this request is 1958 to 1963.
>
> I am willing to accept rolling productions, on the condition that I receive productions in the chronological order in which the documents were created and that I receive the first production no later than the statutory deadline of 30 days.

8

>Please provide me an estimated date for the final fulfillment of this request[.]

>**Response:** Admit.

26. **Complaint:** Stevens requested a fee waiver on the basis that she will be using these records for her scholarship and journalism, and not for commercial gain.

>**Response:** Admit.

27. **Complaint:** USACE has not responded to Stevens' request.

>**Response:** Deny. USACE responded to Stevens's request via email on July 14, 2023, and provided a final response on September 21, 2023.

28. **Complaint:** As of March 14, 2025, 422 business days have elapsed since Stevens submitted her request on June 28, 2023. This is 392 business days past the FOIA deadline.

>**Response:** Admit the allegations in the first sentence. Deny the allegations in the second sentence.

29. **Complaint:** USACE has failed to produce responsive documents or explain why they are being withheld.

>**Response:** Deny.

## Claims for Relief

### First Claim for Relief
### Violation of FOIA/PA
### Unlawful Withholding of Agency Records

30. **Complaint:** Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as repeated and incorporated herein.

>**Response:** Defendants incorporate by reference their responses to paragraphs 1 through 29 as if set forth in full here.

31. **Complaint:** Plaintiff has a statutory right under the FOIA and PA to obtain the agency records properly requested in the requests identified in paragraphs 13 to 29 above.

>**Response:** Deny.

9

  32. **Complaint:** No legal basis exists for Defendants Army and USACE's failures to promptly docket, process, respond to properly submitted FOIA/PA requests and produce responsive agency records in accordance with the requirements of FOIA and PA.

    **Response:** Deny.

  33. **Complaint:** Defendants have wrongfully withheld records requested by Plaintiff in her FOIA requests described in paragraphs 13 to 29 above and have failed to demonstrate that such records are lawfully exempt from production. *See* 5 U.S.C. § 552(a)(6)(C). Nor have Defendants notified Plaintiff of the scope and nature of any responsive records each Defendant intends to produce or withhold and the reasons for any withholdings, nor informed Plaintiff that it may appeal any specific, adverse determination.

    **Response:** Deny.

  34. **Complaint:** By failing to disclose and release the requested records, and by failing to conduct timely and adequate searches reasonably calculated to uncover responsive records, Defendants have violated their respective duties under the FOIA and PA, including but not limited to their duties to process properly submitted requests for records, to conduct a reasonable search for responsive records, and to produce all responsive, reasonably segregable, non-exempt information. Therefore, Defendants are unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. §§ 552 and 552a, and Defendants' corresponding regulations.

    **Response:** Deny.

  35. **Complaint:** Plaintiff has exhausted all applicable administrative remedies.

    **Response:** Deny.

  36. **Complaint:** Plaintiff is entitled to declaratory and injunctive relief with respect to the release and disclosure of the requested records.

    **Response:** Deny.

**Second Claim for Relief**
**Violation of FOIA**
**Improper Denial or Failure to Respond to Plaintiff's Request for Expedited Processing**

  37. Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as if repeated and incorporated herein.

    **Response:** Defendants incorporate by reference their responses to paragraphs 1 through 36 as if set forth in full here.

10

38. Defendant Army has failed to respond to Plaintiff's request for expedited processing, violating Plaintiff's right to an expedited processing determination within 10 days of receipt of Plaintiff's FOIA Request under 5 U.S.C. § 552(a)(6)(E) and Defendants' own regulations.

**Response:** Deny.

### Third Claim for Relief
### Violation of FOIA
### Improper Denial or Failure to Respond to Plaintiff's Request for a Fee Waiver

39. **Complaint:** Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as if repeated and incorporated herein.

**Response:** Defendants incorporate by reference their responses to paragraphs 1 through 38 as if set forth in full here.

40. **Complaint:** Plaintiff requested a fee waiver of all costs pursuant to 5 U.S.C. § 552(a)(4)(A)(iii).

**Response:** Admit.

41. **Complaint:** Defendants failed to respond or to non-conditionally grant Plaintiff's requests for fee waivers, thereby denying Plaintiff's legal right under 5 U.S.C. § 552(a)(4)(A)(iii) and Defendants' own regulations.

**Response:** Deny.

WHEREFORE, defendants request that this case be dismissed with costs and that the court award such other relief as may be appropriate.

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By: Alex Hartzler
ALEX HARTZLER
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-1390
alex.hartzler@usdoj.gov

11